# NO. 12-24-00307-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTHONY GAGNON,*<br>*APPELLANT* | § | *APPEAL FROM THE 402ND* |
| | § | *DISTRICT COURT* |
| *V.* | | |
| | § | *WOOD COUNTY, TEXAS* |
| *KRISTINA GAGNON,*<br>*APPELLEE* | | |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Anthony Gagnon appeals from the denial of his motion to terminate an order appointing receiver.[1] The Receiver, James W. Volberding, filed a motion to dismiss the appeal. We grant the motion to dismiss and dismiss the appeal for want of jurisdiction.

On September 11, 2024, the trial court signed a letter order denying Gagnon's motion to terminate the receivership. That same day, Gagnon filed with the Wood County District Clerk a letter to the trial court in which he sought reconsideration of the trial court's ruling. Gagnon filed his notice of appeal on October 21. Volberding asserts that the notice of appeal is untimely for various reasons, including that it was filed outside the applicable timeframe. In response, Gagnon posits that his letter requesting reconsideration extended the appellate timetable and even if it did not, his notice of appeal was due on October 11.

However, this appeal qualifies as accelerated. A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that overrules a motion to vacate an order that appoints a receiver or trustee. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(2) (West Supp. 2024). Appeals from interlocutory orders (when

---

[1] Gagnon also sought mandamus relief from the denial of his motion. We denied the petition for writ of mandamus. *See In re Gagnon*, No. 12-24-00280-CV, 2024 WL 4481377 (Tex. App.—Tyler Oct. 11, 2024, orig. proceeding) (mem. op.).

allowed by statute) are accelerated and must be filed within twenty days after the judgment or order is signed. TEX. R. APP. P. 28.1(a); 26.1(b). Filing a motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal. TEX. R. APP. P. 28.1(b).

Here, Gagnon's notice of appeal was due twenty days after the September 11 letter order denying his motion to terminate the receivership, i.e., October 1. *See* TEX. R. APP. P. 26.1(b). He did not file his notice of appeal until October 21, after the time expired for seeking a motion for extension. *See* TEX. R. APP. P. 26.3 (appellate court may extend time to file notice of appeal if, within 15 days after deadline for filing notice of appeal, the party filed a notice of appeal and a compliant motion); *see also* ***Verburgt v. Dorner***, 959 S.W.2d 615 (Tex. 1997). Accordingly, Gagnon's notice of appeal is untimely. For this reason, we ***grant*** the Receiver's motion to dismiss, and we ***dismiss*** the appeal for ***want of jurisdiction***. All pending motions are ***overruled as moot***.

Opinion delivered October 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2024**

**NO. 12-24-00307-CV**

**ANTHONY GAGNON,**
Appellant
V.
**KRISTINA GAGNON,**
Appellee

Appeal from the 402nd District Court
of Wood County, Texas (Tr.Ct.No. 2023-615)

THIS CAUSE came to be heard on the appellate record and the Appellee's motion to dismiss; and the same being considered, it is the opinion of this Court that this appeal should be dismissed for want of jurisdiction.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*